# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LASON WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>PULTE HOME COMPANY, LLC,<br><br>Defendant. | **Civil Action File No.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff LaSon Washington ("Ms. Washington") states her complaint against the above-named Defendant as follows.

## INTRODUCTION

1. This is a complaint for (1) pregnancy discrimination in violation of the Pregnancy Discrimination Act of 1978, amending Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.* (the "PDA"); (2) disability discrimination in violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA"); and (3) retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Ms. Washington's claims pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Atlanta Division of the Northern District of Georgia.

## PARTIES

4. Ms. Washington is a resident and citizen of the State of Georgia. She submits to the jurisdiction of this Court.

5. Ms. Washington is female.

6. Ms. Washington is and at all times relevant hereto was an individual with a disability as that term is defined under 42 U.S.C. § 12102(1).

7. Defendant Pulte Home Company, LLC ("Pulte") is a Michigan limited liability company registered to conduct business within the State of Georgia. Pulte is a homebuilding company that conducts business in multiple states, including Atlanta, Georgia, where Ms. Washington worked for Pulte.

8. At all times relevant to this lawsuit, Pulte has been an employer engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b), and the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporate by reference 42 U.S.C. §§ 2000e(g) and (h).

9. At all times relevant to this lawsuit, Pulte was a covered employer under the FMLA pursuant to 29 C.F.R. § 825.104.

## ADMINISTRATIVE PROCEDURES

10. Ms. Washington has exhausted her administrative remedies with respect to the PDA and ADA claims asserted herein.

11. Ms. Washington filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on April 26, 2022.

12. The EEOC issued a "Notice of Right to Sue" on July 8, 2022 entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL ALLEGATIONS

### Factual Allegations Regarding Plaintiff's Title VII and ADA Claims

13. Ms. Washington began employment with Pulte on July 8, 2019, as an Accounts Payable Coordinator at Pulte's corporate headquarters in Atlanta, Georgia.

14. Ms. Washington gave birth to her daughter on November 11, 2021.

15. Ms. Washington took FMLA leave for the birth of her daughter, and she returned to work on February 14, 2022. At this time, Pulte had instituted a hybrid schedule whereby employees worked remotely three days a week.

16. On February 16, 2022, Ms. Washington informed her direct manager, Kecia

High ("High"), that her daughter was unable to eat from a bottle, so she needed to go home to breastfeed her.

17. Ms. Washington's daughter's inability to eat from a bottle substantially limited a major life activity – her ability to eat – among numerous other mental and physical activities.

18. High allowed Ms. Washington to go home, and around 2:00 PM, Ms. Washington went home to breastfeed her daughter and take her to her pediatrician.

19. Ms. Washington completed her remaining workload remotely after she went home.

20. On February 17, 2022, in the morning and before her shift, Ms. Washington informed High that she needed to continue to work from home to breastfeed her daughter, who still could not eat from a bottle. High did not respond to Ms. Washington, and Ms. Washington nonetheless worked remotely throughout the day.

21. On February 21, 2022, High, and Accounts Payable Senior, Lashundra Young ("Young"), provided Ms. Washington a write-up via Skype for leaving work early on February 16, 2022, and for not reporting to the office on February 17, 2022. The write-up was a final verbal warning.

22. On February 23, 2022, Ms. Washington's daughter still would not eat from a bottle. Ms. Washington notified High and Young of her daughter's continued inability to eat from a bottle and requested to work from home or to work for a few hours in the office and work the remaining time at home.

23. Ms. Washington never received a response from Defendant regarding her request to work at home or to work a hybrid schedule.

24. On February 25, 2022, Ms. Washington received a call from High and HR Manager Stephen Walker who informed her that she was terminated due to her attendance. At the time Ms. Washington was fired, she had accrued approximately 100 hours of paid time off.

25. Multiple similarly situated employees who were not pregnant and were not associated with a person with disabilities were treated more favorably than Ms. Washington.

## COUNT ONE

**Pregnancy Discrimination in Violation of the PDA**

26. Ms. Washington incorporates paragraphs 1-25 as if fully set forth herein.

27. The PDA prohibits covered employers from treating women affected by pregnancy, childbirth, or related medical conditions differently than similarly situated non-pregnant employees.

28. Pulte violated the PDA by treating Ms. Washington less favorably than similarly situated non-pregnant employees. Specifically, Pulte refused to grant Ms. Washington accommodations and terminated her when she requested accommodations granted to non-pregnant employees.

29. Ms. Washington is entitled to recover all damages caused by Defendant's PDA violation, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT TWO

### Disability Discrimination in Violation of Title I of the ADA

30. Ms. Washington incorporates paragraphs 1-25 as if fully set forth herein.

31. Title I of the ADA prohibits employers from treating an employee who is associated with a disabled person less favorably than similarly situated employees who are not associated with a person who is disabled.

32. Pulte violated the PDA by treating Ms. Washington less favorably than similarly situated employees who were not associated with a disabled person. Specifically, Pulte refused to grant Ms. Washington accommodations and terminated her when she requested accommodations granted to employees who were not associated with a disabled person.

33. Ms. Washington is entitled to recover all damages caused by Defendant's

above-described ADA violations, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT THREE

## Retaliation in Violation of the FMLA

34. Ms. Washington incorporates paragraphs 1-25 as if fully set forth herein.

35. The FMLA prohibits employers from retaliating against employees who exercise their rights under the FMLA, including their right to take leave for the birth of a child.

36. Ms. Washington took FMLA qualifying maternity leave for the birth of her daughter.

37. Ms. Washington returned from her FMLA leave on February 14, 2022.

38. Ms. Washington was terminated on February 25, 2022, just a little more than one week after returning from FMLA leave.

39. The close proximity in time between Ms. Washington's return from FMLA leave and her termination establishes a causal connection between her use of FMLA and her termination.

40. Ms. Washington is entitled to recover all damages caused by Defendant's FMLA violation, including lost wages, liquidated damages, attorneys' fees, and litigation costs.

Based on the above, Ms. Washington demands a jury trial on all triable issues and asks the Court for the following relief:

(1)   Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Ms. Washington's rights under the PDA, the ADA, and the FMLA.

(2)   Grant Ms. Washington a permanent injunction enjoining Defendant and its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy that discriminates against Ms. Washington and others similarly-situated;

(3)   Grant to Ms. Washington judgment in her favor and against Defendant under all counts of this Complaint;

(4)   Order Defendant to make Ms. Washington whole by providing for her out-of-pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(5)   Order Defendant to compensate Ms. Washington for mental and emotional damages suffered because of Defendant's unlawful and

discriminatory acts;

(6) Order Defendant to make Ms. Washington whole by paying her all damages due under the FMLA, including all lost wages and liquidated damages;

(7) Order that Ms. Washington be reinstated or, in the alternative, be awarded front pay;

(8) Grant to Ms. Washington her reasonable attorneys' fee and any and all other costs associated with this action; and

(9) Grant such additional monetary and equitable relief as the Court deems appropriate.

Respectfully submitted on August 15, 2022.

**Regan Keebaugh**
Georgia Bar No. 535500
Zachary Panter
Georgia Bar No. 822012
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com
zachary@decaturlegal.com